NO.
12-06-00387-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

RONNIE
PINKERTON a/k/a          §                      APPEAL FROM THE SEVENTH

ROMEO PINKERTON,

APPELLANT

 

V.        §                      JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §                      SMITH COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM
OPINION

            Ronnie
Pinkerton appeals his conviction for burglary of a building, for which he was
sentenced to imprisonment for twenty years. 
In one issue, Appellant challenges the legal and factual sufficiency of
the evidence.  We affirm.

 

Background

            Appellant was charged by indictment
with burglary of a building with intent to commit theft. The indictment also
contained two enhancement paragraphs alleging previous felony convictions.
Appellant pleaded “not guilty,” and the matter proceeded to trial before the
court.








            At trial, Tyler Police Department
Officer Daniel Richardson testified first on the State’s behalf.  Richardson testified that on the night of
July 30, 2005, he responded to a burglary call at a portable building at
Griffin Elementary School in Smith County, Texas.  Richardson further testified that as he
approached one of the temporary buildings, he heard something moving inside, “like
somebody picked something up and put it down.” 
Richardson later described what he heard as sounding like “somebody was
moving furniture or moving items.” 
Richardson stated that as he walked around the building, he observed a “busted
out window.”  Richardson further stated
that he heard his fellow officer, Officer Behrend, speak in an elevated voice,
telling someone to “[s]top.”  Richardson
testified that he heard someone running toward the rear of the building.  Richardson further testified that as he stood
at the broken window at the rear of the building, the person attempted to exit
through the broken window.  Richardson
stated that he told the person, “Freeze, Tyler Police,” but in response, the
person backed away, and ran toward the front door.  Richardson 
then described how after the person ran out the front door, he and
Behrend gave chase for approximately one hundred yards before Behrend finally
subdued the suspect with a “taser.” 
Richardson identified the person they apprehended that night as
Appellant.

            Behrend testified as the State’s
next witness.  Behrend testified that he
and Richardson arrived on the scene and approached the portable buildings at
Griffin Elementary School.  Behrend
further testified that he and Richardson split up.  Behrend stated that Richardson subsequently
contacted him by radio informing him that he had discovered a broken window in
one of the portable buildings and heard movement inside the building.  Behrend further stated that he went to the
building and provided cover at the door. 
Behrend stated that thereafter, Appellant emerged from the building
through the door.  Behrend further stated
that with his weapon drawn, he instructed Appellant to stop and identified
himself as a Tyler police officer. 
Behrend testified that Appellant retreated into the building and that
shortly thereafter, he heard Richardson yelling to Appellant that he was with
the Tyler Police Department and demanding to see Appellant’s hands.  Behrend stated that moments later, Appellant
reemerged from the door and fled on foot. 
According to Behrend, he and Richardson pursued Appellant on foot and
ultimately apprehended and subdued him 
with a “taser.”  Behrend also
testified that he went inside the building and observed computer related items
that had been stacked up to the doorway. 
Behrend stated that some of the property in the building had been moved
and staged near the front door.  Behrend
further stated that based on his training and experience, it appeared as if the
property had been set up to be removed from the building.

            Dr. Karen Raney testified as the
State’s next witness.  Raney stated that
she was the director of secondary education for the Tyler Independent School
District.  Raney testified that, in her
capacity as director, she had a greater right of possession of the items than
did Appellant.  Raney further testified
that she did not give Appellant consent to enter the building.  

            At the conclusion of Raney’s
testimony, the State rested.  Appellant
rested without calling witnesses.  After
the State and Appellant presented closing argument, the trial court found
Appellant guilty as charged.  Following a
trial on punishment, the trial court sentenced Appellant to imprisonment for
twenty years.  This appeal followed.

 

Evidentiary Sufficiency

            In his sole issue, Appellant argues
that the evidence is legally and factually insufficient to support that he
possessed the requisite intent to commit theft as charged in the
indictment.  

Legal
Sufficiency

            Legal sufficiency is the
constitutional minimum required by the Due Process Clause of the Fourteenth
Amendment to sustain a criminal conviction. 
See Jackson v. Virginia, 443 U.S. 307, 315–16, 99 S. Ct.
2781, 2786-87, 61 L. Ed. 2d 560 (1979); see also Escobedo v. State,
6 S.W.3d 1, 6 (Tex. App.–San Antonio 1999, 
pet. ref’d).  The standard for
reviewing a legal sufficiency challenge is whether any rational trier of fact
could have found the essential elements of the offense beyond a reasonable
doubt.  See Jackson, 443
U.S. at 320, 99 S. Ct. at 2789; see also Johnson v. State, 871
S.W.2d 183, 186 (Tex. Crim. App. 1993). 
The evidence is examined in the light most favorable to the
verdict.  See Jackson, 443
U.S. at 320, 99 S. Ct. at 2789; Johnson, 871 S.W.2d at 186.  A successful legal sufficiency challenge will
result in rendition of an acquittal by the reviewing court.  See Tibbs v. Florida, 457 U.S.
31, 41–42, 102 S. Ct. 2211, 2217–18, 72 L. Ed. 2d 652 (1982).

            To support a conviction for burglary
of a building, the evidence must support that the accused, without the
effective consent of the owner, entered a building not then open to the public,
with intent to commit a felony, theft, or an assault.  See Tex.
Penal Code Ann. § 30.02(a)(1) (Vernon
2003).  In the instant case,  Appellant was charged with burglary of a
building “with intent to commit theft.” 
Richardson testified that as he approached one of the temporary
buildings, he heard something moving inside, “like somebody picked something up
and put it down.”  Richardson later
described what he heard as sounding like “somebody was moving furniture or
moving items.”  Richardson stated that as
he walked around the building, he observed a “busted out window.”  Richardson further stated that he heard a
fellow officer, Officer Behrend, speak in an elevated voice, telling someone to
“[s]top.”  Richardson testified that he
heard someone running toward the rear of the building.  Richardson further testified that as he stood
at the broken window at the rear of the building, the person attempted to exit
through the broken window.  Richardson
stated that he told the person, “Freeze, Tyler Police,” but in response, the
person backed away, and ran toward the front door.  Richardson 
then described how after the person ran out the front door, he and
Behrend gave chase for approximately one hundred yards before Behrend finally
apprehended the suspect and subdued him with a “taser.”  Richardson identified that the person they
apprehended that night as Appellant.

            Behrend’s testimony supports the
account offered by Richardson.  Behrend
further testified that he saw Appellant emerge from the building through the
door.  Behrend stated that with his weapon
drawn, he instructed Appellant to stop and identified himself as a Tyler police
officer.  Behrend testified that
Appellant retreated into the building and shortly thereafter, reemerged from
the door and fled on foot.  Behrend also
testified that he went inside the building and observed computer related items
that had been stacked up to the doorway. 
Behrend stated that some of the property in the building had been moved
and staged near the front door.  Behrend
further stated that based on his training and experience, it appeared as if the
property had been set up to be removed from the building.

            A person acts with intent when it is
his conscious objective or desire to engage in the conduct or cause the
result.  See Tex. Penal Code Ann. § 6.03(a) (Vernon
2003).  Intent is most often proven
through the circumstantial evidence surrounding the crime rather than through
direct evidence.  See McGee v.
State, 774 S.W.2d 229, 234 (Tex. Crim. App. 1989).  Further, it is well settled that unlawful
entry at night raises the presumption of intent to commit theft.  See Martinez v. State, 469
S.W.2d 185, 186 (Tex. Crim. App. 1971). 
Intent to commit theft can also be inferred from, among other things,
(1) placement of belongings of another inside a home near to where the
appellant was finally stopped and (2) the appellant’s attempt to flee when
confronted.  See, e.g., Henderson
v. State, No. 12-05-00268-CR, 2006 WL 1791596, at *2 (Tex. App.–Tyler
June 30, 2006, no pet.) (mem. op., not designated for publication); see also
Lozano v. State, No. 05-03-00608-CR, 2003 WL 22805272, at *2 (Tex.
App.–Dallas Nov. 26, 2003, pet. ref’d) (not designated for publication)
(evidence was legally and factually sufficient to show that defendant had
intent to commit theft when the evidence showed that he entered the victim’s
apartment without permission at 3:00 a.m. while victim was asleep and victim
testified that defendant moved a nail compressor in apartment); see also Weatherspoon
v. State, No. 01-02-00932-CR, 2003 WL 22682132, at *3 (Tex. App.–Houston
[1st Dist.] Nov. 13, 2003, no pet.) (mem. op., not designated for publication)
(evidence was factually sufficient to support conviction for burglary where
evidence indicated that defendant started to flee when officers arrived at the
victim’s home, officer was able to see defendant clearly when defendant ran
under a porch light, and officers noticed that defendant had removed frozen
meat from a freezer in victim's garage and left the meat on garage floor).

            Examining the aforementioned
evidence in the light most favorable to the verdict, we conclude that the trial
court could have determined beyond a reasonable doubt that Appellant entered
the building in question with the intent to commit theft.  The evidence reflects that items inside the
buildings were moved around and placed near the door from which Appellant later
emerged and attempted to flee on foot.  
Therefore, we hold that the evidence was legally sufficient to support
the trial court’s judgment.

Factual
Sufficiency

            Turning to Appellant’s contention
that the evidence is not factually sufficient to support the jury’s verdict, we
must first assume that the evidence is legally sufficient under the Jackson
standard.  See Clewis v. State,
922 S.W.2d 126, 134 (Tex. Crim. App. 1996). 
We then consider all of the evidence weighed by the trial court that
tends to prove the existence of the elemental fact in dispute and compare it to
the evidence that tends to disprove that fact. 
See Santellan v. State, 939 S.W.2d 155, 164 (Tex.
Crim. App. 1997).  Although we are
authorized to disagree with the trial court’s determination, even if probative
evidence exists that supports the verdict, see Clewis, 922 S.W.2d
at 133, our evaluation should not substantially intrude upon the trial court’s
role as the sole judge of the weight and credibility of witness testimony.  Santellan, 939 S.W.2d at
164.  Where there is conflicting
evidence, the trial court’s verdict on such matters is generally regarded as
conclusive.  See Van Zandt v. State,
932 S.W.2d 88, 96 (Tex. App.–El Paso 1996, pet. ref’d).  Ultimately, we must ask whether a neutral
review of all the evidence, both for and against the finding, demonstrates that
the proof of guilt is so obviously weak as to undermine our confidence in the
trial court’s determination, or the proof of guilt, although adequate if taken
alone, is greatly outweighed by contrary proof. 
Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000); see
also Watson v. State, 204 S.W.3d 404, 417 (Tex. Crim. App.
2006) (evidence is factually insufficient only when reviewing court objectively
concludes that the great weight and preponderance of the evidence contradicts
the verdict).

            We have reviewed the record in its
entirety.  We iterate that our evaluation
should not substantially intrude upon the trial court’s role as the sole judge
of the weight and credibility of witness testimony, see Santellan,
939 S.W.2d at 164, and where there is conflicting evidence, the trial court’s
verdict on such matters is generally regarded as conclusive.  See Van Zandt, 932 S.W.2d at
96.  Our review of the record as a whole,
with consideration given to all of the evidence, both for and against the trial
court’s finding, has not revealed to us any evidence that causes us to conclude
that the proof of guilt is so obviously weak or is otherwise so greatly
outweighed by contrary proof as to render Appellant’s conviction clearly wrong
or manifestly unjust.  Therefore, we hold
that the evidence is factually sufficient to support the trial court’s
judgment.  Appellant’s sole issue is
overruled.

 

Disposition

            Having overruled Appellant’s sole
issue, we affirm the trial court’s judgment.

 

 

 

                                                                                                    BRIAN HOYLE   

                                                                                                               Justice

 

 

Opinion delivered September 26,
2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

(DO NOT PUBLISH)